UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THOMAS HALL,

                Petitioner,

                **DECISION AND ORDER**
                01-CR-57A
    v.               08-CV-165A

UNITED STATES OF AMERICA,

                Respondent.

This case comes before the Court on petitioner's motion for habeas corpus relief under 28 U.S.C. § 2255. Petitioner claims, *inter alia*, that he received ineffective assistance of counsel when he asked prior counsel James A. Mullenhoff, Esq., to take an appeal of his guilty plea and sentence, and counsel did not do so. Respondent asserts in opposition that petitioner entered a knowing and voluntary plea agreement that waived his appeal rights. Respondent asserts further that Mr. Mullenhoff previously made a motion before the United States Court of Appeals for the Second Circuit in which he denied ever receiving a request to appeal from petitioner. The Court assumes familiarity with the facts underlying petitioner's conviction and sentence.

Notwithstanding respondent's position that there is no viable basis for appeal and that petitioner did not request commencement of an appeal, the general rule governing ignored requests to appeal is clear. "[E]ven after a waiver,

a lawyer who believes the requested appeal would be frivolous is bound to file the notice of appeal and submit a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). When counsel fails to do so, we will presume prejudice, as required by *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000), and the defendant will be entitled to a direct appeal without any showing on collateral review that his appeal will likely have merit." *Campusano v. U.S.*, 442 F.3d 770, 771–72 (2d Cir. 2006). Just as clear is the usual remedy for resolving a factual dispute over whether a request to take an appeal occurred and whether counsel ignored it:

> When a defendant claims that his attorney failed to file a requested notice of appeal, the following proceedings will ensue: (1) a hearing before the district court pursuant to § 2255 to determine whether the client requested the appeal; (2) an appeal from the district court's ruling, should either party seek one; and (3) a direct appeal if the defendant did in fact request that a notice of appeal be filed.

*Campusano*, 442 F.3d at 776.

In this case, respondent does not contest that petitioner's prior counsel never filed an *Anders* brief when addressing the Second Circuit previously. Additionally, a hearing to determine whether petitioner did request an appeal would not serve any purpose. Respondent has indicated in its papers opposing the motion that prior counsel likely is not in a position to offer any more information about petitioner's contention than what already appears in those papers. Petitioner's prior counsel appears to lack any additional notes or other

2

office records that would confirm or contradict petitioner's assertion. Without the prospect of gleaning additional details that would specifically address petitioner's contentions, there is no reason to conduct a hearing that would repeat information already known. At the same time, petitioner has set forth his assertion in some detail, and there is no specific reason to doubt that he asked his attorney to file a notice of appeal. Under these circumstances, and mindful that a direct appeal "will bestow on most defendants nothing more than an opportunity to lose," *Campusano*, 442 F.3d at 777, prudence warrants giving petitioner the benefit of the doubt.

The only remaining question is how to fashion relief that best fits the circumstances of this case. For the reasons above, an evidentiary hearing would serve no purpose. Both this Court and the Second Circuit lack authority to excuse a late notice of appeal. *See, e.g., U.S. ex rel. Eisenstein v. City of New York*, 540 F.3d 94, 96 (2d Cir. 2008) ("Because [plaintiff] filed his notice of appeal more than 30 days after the entry of judgment, his appeal is untimely, and we are without jurisdiction to consider it."). This Court does have the authority to enter a new judgment to correct a failure to file a requested appeal. *See Garcia v. U.S.*, 278 F.3d 134, 137 (2d Cir. 2002) (citing *McHale v. U.S.*, 175 F.3d 115, 119–20 (2d Cir. 1999)) (other citations omitted). A new judgment with its new date of entry would reset the time within which petitioner may take the direct appeal that he seeks. *See* Fed. R. App. P. 4(b)(1)(A)(i).

For all of the above reasons, the Court hereby grants petitioner's motion to the extent that it seeks a remedy for a failure to take an appeal, and orders as follows:

1) The Court directs the Probation Office to prepare a new judgment in petitioner's criminal case within 30 days of entry of this Order. The reason for the amendment will be petitioner's motion made under 28 U.S.C. § 2255.

2) The Court appoints the Federal Public Defender's Office to file a notice of appeal with the Second Circuit within 14 days of entry of the new judgment. If appointed counsel wish to withdraw after filing the notice of appeal then they should raise the issue with the Second Circuit and file an *Anders* brief, pursuant to Second Circuit Local Rule 4(b) and other applicable rules of that court.

The Court denies petitioner's motion to the extent that it seeks any other relief. The Clerk of the Court shall close the civil case related to petitioner's motion upon the entry of a new judgment.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: December 6, 2009